UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KIMBERLY REGENESIS,
LLC, and DAMASCUS
TRADING COMPANY, LLC

      Plaintiffs,

v().                                Case No.: 2:19-cv-00538-FtM-38NPM

LEE COUNTY,

      Defendant.
_____/

## DEFENDANT'S ANSWER AND DEFENSES

Defendant, LEE COUNTY, by and through their undersigned attorneys, hereby responds to the Complaint (Dkt. No. 1) filed by Plaintiffs, KIMBERLY REGENESIS, LLC and DAMASCUS TRADING COMPANY, LLC ("Plaintiffs"). Defendant reserves the right to supplement or amend this response, as its investigation is ongoing. Defendant responds to the allegations as follows:

### Introduction

1. Defendant denies the allegations contained in paragraph 1 of the Complaint.

2. Defendant admits that Plaintiffs attempt to state a claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., but denies that Plaintiffs have or can state a cause of action against Defendant. Answering further, Defendant denies any allegation of wrongdoing which is pled, implied in, or may be inferred from paragraph 2 of the Complaint.

3. Defendant denies the allegations contained in paragraph 3, including footnote 1, of the Complaint.

4. Defendant denies the allegations contained in paragraph 4 of the Complaint.

5. Defendant denies the allegations contained in paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint.

8. Defendant is without knowledge as to the allegations contained in paragraph 8 of the Complaint and therefore denies the same.

9. The public record reflecting the legal description and zoning of the property speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. The Hearing Examiner's Recommendation speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. The Hearing Examiner's Recommendation speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant is without knowledge as to the allegations contained in paragraph 12 of the Complaint and therefore denies the same.

13. Defendant is without knowledge as to the allegations contained in paragraph 13 of the Complaint and therefore denies the same.

14. Defendant is without knowledge as to the allegations contained in paragraph 14 of the Complaint and therefore denies the same.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

**Jurisdiction and Venue**

19. Defendant admits that Plaintiffs attempt to state a claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., but denies that Plaintiffs have or can state a cause of action against Defendant. Answering further, Defendant denies any allegation of wrongdoing which is pled, implied in, or may be inferred from paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant admits that venue is proper in this Court. Except as so stated, the Defendant denies the allegations contained in paragraph 21 of the Complaint and any allegations of wrongdoing which are pled, implied in, or may be inferred from this paragraph.

**Parties**

22. Defendant is without knowledge as to the allegations contained in paragraph 22 of the Complaint and therefore denies the same.

23. Defendant admits that Plaintiffs have attempted to state a claim, but denies that Plaintiffs have or can state a cause of action against Defendant. Answering further, Defendant denies any allegation of wrongdoing which is pled, implied in, or may be inferred from paragraph 23 of the Complaint.

24. Defendant is without knowledge as to the allegations contained in paragraph 24 of the Complaint and therefore denies the same.

25. Defendant is without knowledge as to the allegations contained in paragraph 25 of the Complaint and therefore denies the same.

26. Defendant admits the allegations contained in paragraph 26 of the Complaint for personal jurisdictional purposes only.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

**Facts**

28. Defendant's website speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant's Land Development Code speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant is without knowledge as to the allegations contained in paragraph 31 of the Complaint and therefore denies the same.

32. The application for rezoning and Defendant's response speak for themselves. Answering further, Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant is without knowledge as to the allegations contained in paragraph 33 of the Complaint and therefore denies the same.

34. The application for rezoning speaks for itself. Answering further, Defendant is without knowledge as to the allegations contained in paragraph 34 of the Complaint and therefore denies the same.

35. Defendant is without knowledge as to the allegations contained in paragraph 35 of the Complaint and therefore denies the same.

36. The staff report speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 36, including subparagraphs (a) to (f), of the Complaint.

37. The Transcript of Proceedings before Donna Marie Collins speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. The Transcript of Proceedings before Donna Marie Collins speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. The Transcript of Proceedings before Donna Marie Collins speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. The Transcript of Proceedings before Donna Marie Collins speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. The Transcript of Proceedings before Donna Marie Collins speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. The Hearing Examiner's Recommendation speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. The Hearing Examiner's Recommendation speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant is without knowledge as to the allegations contained in paragraph 44 of the Complaint and therefore denies the same.

45. The Transcript of Proceedings before the Board of County Commissioners speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. The Transcript of Proceedings before the Board of County Commissioners speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. The Transcript of Proceedings before the Board of County Commissioners speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. The Transcript of Proceedings before the Board of County Commissioners speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. The Transcript of Proceedings before the Board of County Commissioners speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. The Transcript of Proceedings before the Board of County Commissioners speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 50 of the Complaint.

51. The Transcript of Proceedings before the Board of County Commissioners speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 51 of the Complaint.

52. The Transcript of Proceedings before the Board of County Commissioners speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 52 of the Complaint.

53. The Transcript of Proceedings before the Board of County Commissioners speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 53 of the Complaint.

54. The Transcript of Proceedings before the Board of County Commissioners speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. The Transcript of Proceedings before the Board of County Commissioners speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. The Transcript of Proceedings before the Board of County Commissioners speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 56, including footnotes 2 and 3, of the Complaint.

57. Defendant denies the allegations contained in paragraph 57 of the Complaint.

58. The Transcript of Proceedings before Donna Marie Collins speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 58 of the Complaint.

59. Defendant's Land Development Code speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 59 of the Complaint.

60. Defendant's Land Development Code speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 60 of the Complaint.

61. Defendant's Land Development Code and Resolution Number Z-15-006 speak for themselves. Answering further, Defendant denies the allegations contained in paragraph 61 of the Complaint.

62. Defendant's Land Development Code and the Hearing Examiner's Recommendation speak for themselves. Answering further, Defendant denies the allegations contained in paragraph 62 of the Complaint.

63. The public record reflecting the zoning of the property speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 63 of the Complaint.

64. The public records reflecting the zoning of the property and adjacent properties speak for themselves. Answering further, Defendant denies the allegations contained in paragraph 64 of the Complaint.

65. The staff report and the Hearing Examiner's Recommendation speak for themselves. Answering further, Defendant denies the allegations contained in paragraph 65 of the Complaint.

66. Defendant is without knowledge as to the allegations contained in paragraph 66 of the Complaint and therefore denies the same.

67. Defendant is without knowledge as to the allegations contained in paragraph 67 of the Complaint and therefore denies the same.

68. Defendant is without knowledge as to the allegations contained in paragraph 68 of the Complaint and therefore denies the same.

69. Defendant is without knowledge as to the allegations contained in paragraph 69 of the Complaint and therefore denies the same.

70. Defendant is without knowledge as to the allegations contained in paragraph 70 of the Complaint and therefore denies the same.

71. Defendant is without knowledge as to the allegations contained in paragraph 71 of the Complaint and therefore denies the same.

72. Defendant is without knowledge as to the allegations contained in paragraph 72 of the Complaint and therefore denies the same.

73. Defendant is without knowledge as to the allegations contained in paragraph 73 of the Complaint and therefore denies the same.

74. Defendant is without knowledge as to the allegations contained in paragraph 74 of the Complaint and therefore denies the same.

75. Defendant is without knowledge as to the allegations contained in paragraph 75 of the Complaint and therefore denies the same.

76. Defendant is without knowledge as to the allegations contained in paragraph 76 of the Complaint and therefore denies the same.

77. Defendant is without knowledge as to the allegations contained in paragraph 77 of the Complaint and therefore denies the same.

78. Defendant is without knowledge as to the allegations contained in paragraph 78 of the Complaint and therefore denies the same.

79. Defendant is without knowledge as to the allegations contained in paragraph 79 of the Complaint and therefore denies the same.

80. Defendant denies the allegations contained in paragraph 80 of the Complaint.

81. Defendant is without knowledge as to the allegations contained in paragraph 81 of the Complaint and therefore denies the same.

82. Defendant denies the allegations contained in paragraph 82 of the Complaint.

83. Defendant denies the allegations contained in paragraph 83 of the Complaint.

84. Defendant denies the allegations contained in paragraph 84 of the Complaint.

85. The letter dated August 25, 2016, speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 85 of the Complaint.

86. The ADA speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 86 of the Complaint.

87. The ADA speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 87 of the Complaint.

88. The ADA speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 88 of the Complaint.

89. The ADA speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 89 of the Complaint.

90. The ADA speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 90 of the Complaint.

91. The ADA speaks for itself. Answering further, Defendant denies the allegations contained in paragraph 91 of the Complaint.

### Count I: Claims under Title II of the ADA

92. In response to the allegations contained in paragraph 92 of the Complaint, Defendant repeats its responses to paragraphs 1 through 92 of the Complaint.

93. Defendant denies the allegations contained in paragraph 93 of the Complaint.

94. The term "qualifying public entity" is not defined in 42 U.S.C. § 12131(1)(A), and therefore, Defendant denies the allegations contained in paragraph 94 of the Complaint.

95. Defendant denies the allegations contained in paragraph 95 of the Complaint.

96. Defendant denies the allegations contained in paragraph 96 of the Complaint.

### Requested Relief

Defendant denies that Plaintiffs are entitled to any of the relief sought in the "wherefore" clause contained in the unnumbered paragraph that follows paragraph 96 of the Complaint. Defendant further denies that Plaintiffs are entitled to damages from Defendant or that Plaintiffs can seek any of the relief set forth in the "wherefore" clause, including subparagraphs (A) to (F). Defendant denies any allegation of wrongdoing which is pled, implied in, or may be inferred from, this paragraph of the Complaint.

### **DEFENSES**

Defendant alleges the following defenses and reserves the right to plead additional defenses as may be revealed during the course of discovery. Defendant denies all allegations in the Complaint that have not been specifically admitted.

**FIRST DEFENSE**

Plaintiffs failed to state a claim upon which relief can be granted under any theory. In particular, as a matter of law, the Complaint does not contain sufficient allegations of ultimate fact, as opposed to conclusory allegations, to state a claim under the ADA. Plaintiffs already have unsuccessfully litigated this matter in state court. Plaintiffs' claims are barred by the doctrines of res judicata, collateral estoppel, and Rooker-Feldman. Given the facts, legal conclusions, and issues established in the state court litigation, which cannot be relitigated in this action, Plaintiffs cannot state a claim under the ADA. Plaintiffs also cannot state a claim as they are not qualified individuals with disabilities nor does Title II of the ADA recognize a claim for associational discrimination. Even if a claim of associational discrimination were cognizable under Title II of the ADA, Plaintiffs have not pled and cannot establish facts to support an associational claim. Plaintiffs also fail to state a claim as they pled collective references instead of individual claims. Plaintiffs also cannot establish that they made a request for a reasonable accommodation or that Defendant denied any request for a reasonable accommodation. Furthermore, Plaintiffs have failed to allege sufficient facts to show that Defendant intentionally discriminated against them because of an alleged disability. Finally, Plaintiffs also have not pled and cannot establish an inadequate remedy at law for the issuance of a mandatory injunction or that the Court has the authority to issue such an injunction in this case. Plaintiffs have not suffered any harm as a result of any act of Defendant.

**SECOND DEFENSE**

The application for rezoning and/or purported request for accommodation are not readily achievable and/or sought to fundamentally and/or unreasonably alter the nature or

purpose of Defendant's service, program, or activity, including its zoning ordinances and land development code. The rezoning request and/or purported request for accommodation also was not necessary to avoid discrimination or accommodate any disability. As established in the state court litigation, the reasons for the denial of the rezoning application, which the state court found to be supported by substantial, competent evidence, are not discriminatory. Defendant's decision and its reasons for that decision have an equal impact on and application to those with and without disabilities. Plaintiffs also had the opportunity to seek relief under Florida Statutes § 70.51, but voluntarily withdrew their request.

## THIRD DEFENSE

To the extent that Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations or other periods of limitation, they are not entitled to relief.

## FOURTH DEFENSE

Because Plaintiffs are seeking damages in this action, they have a duty to mitigate those damages. To the extent that Plaintiffs have failed to mitigate their damages, they are not entitled to any relief.

## FIFTH DEFENSE

Plaintiffs' claims, including their request for injunctive relief, are barred by the doctrines of laches and/or waiver.

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor; award Defendant the cost incurred in defending this action, including reasonable attorney's fees and costs; and provide other and further relief as the Court deems just and appropriate.

DATED this 28th day of February, 2020.

Respectfully submitted,

*s/Sacha Dyson*
GREGORY A. HEARING
Florida Bar No.: 817790
gregory.hearing@gray-robinson.com
SACHA DYSON
Florida Bar No.: 509191
sacha.dyson@gray-robinson.com
JULIA C. MANDELL
Florida Bar No.: 81442
julia.mandell@gray-robinson.com
GRAYROBINSON, P.A.
401 East Jackson Street, Suite 2700
Post Office Box 3324 (33601-3324)
Tampa, Florida, 33602
Tel: (813) 273-5000
Fax: (813) 273-5145
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of February, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to the following:

James K. Green
JAMES K. GREEN, P.A.
Suite 1650, Esperante
222 Lakeview Avenue
West Palm Beach, FL 33401
jkg@jameskgreenlaw.com
ATTORNEY FOR PLAINTIFFS

*s/ Sacha Dyson*
Attorney