UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Fort Myers Division

Case No. 2:19-cv-538-FtM-38NPM

KIMBERLY REGENESIS, LLC, *et al.*,

    Plaintiffs,
vs.

LEE COUNTY, a Florida political subdivision,

    Defendant.
_____/

**PLAINTIFFS' MOTIONS FOR LEAVE TO FILE MOTIONS TO COMPEL
IN EXCESS OF 25 PAGES AND INCORPORATED MEMORANDUM**

Plaintiffs, pursuant to Local Rule 3.01(d), move for the entry of orders granting Plaintiffs leave to file motions to compel in excess of 25 pages, specifically 36 and 28 pages, and state:

1.    On June 30, 2020, Plaintiffs propounded their First Set of Interrogatories to Defendant and First Request to Produce. On July 30, 2020, Defendant wrote Plaintiffs stating that while Plaintiffs' interrogatories and production requests were sent by e-mail, they were not served by U.S. Mail. Defendant therefore objected to the interrogatories and production in their entirety. Plaintiffs immediately re-served the discovery requests by e-mail and U.S. Mail.

2.    On September 1, 2020 Defendant requested an additional two-week extension to respond to which Plaintiffs agreed. On September 15, 2020, Defendant served 44 pages of responses to the interrogatories and 28 pages of responses to the production request with no substantive responses other than references to exhibits attached to the complaint and an inaccessible link. Further, it failed to verify its responses to the interrogatories.

3.    On September 25, 2020, Plaintiffs requested times for a meet-and-confer on September 28 or 29. Defense counsel responded that she was available the following Monday, October 5, 2020. On Monday, October 5, 2020, counsel conferred by telephone for nearly 2 ½

hours about the motions to compel and the page lengths therefor. Plaintiffs' counsel cited various cases, agreed to narrow various requests and interrogatories, clarify others, and withdraw others. Defense counsel said she needed to confer with her client about the issues discussed during the meet-and-confer and expected to get back to the undersigned by the end of the week but never did.

5.     On Tuesday, October 6, 2020, Plaintiffs sent defense counsel notes embedded in the interrogatories, production requests, and the responses thereto reflecting the narrowing Plaintiffs offered during the parties' meet-and-confer and some additional narrowing.

6.     On Wednesday, October 14, 2020, Plaintiffs sent defense counsel an email:

> Sacha,
> It's been nine days. Still waiting for your responses and production…
> Jim

7.     She responded that she had been busy but had not had an opportunity to confer with her client but hoped to the following week. On Saturday, October 17, 2020, Plaintiffs sent defense counsel an email:

> Sacha,
> This is unreasonable. It's been more than 100 days since you were first served with the discovery requests. Please provide me your responses by close of business Wednesday[, October 21, 2020].
> Jim

82.     Defense counsel failed to provide Defendant's responses by Wednesday, October 21, 2020.  On October 22, 2020, Plaintiffs' counsel emailed defense counsel:

> Sacha,
> Today I will be fling motions to exceed page limits on Plaintiffs' motions to compel.
> As we discussed during our 2-plus hour meet-and-confer on October 5, your responses and objections to Plaintiffs' production request was 28 pages and Plaintiffs' interrogatories was 44 pages. I asked for your consent to exceed the page limits by 15 pages over your 28 and 44 page responses and objections but you were non-committal.
> Please advise by 3 p.m. today whether you will consent to these enlargements.
> Jim

9.     On October 22, 2020, Plaintiff's counsel also telephoned defense counsel requesting her position on these motions. Defense counsel responded by email at 3:17 p.m. that

she opposes the motions because "the parties have not completed the conferral regarding the discovery issues" but still offered no dates for her overdue responses.

10. As noted above, Defendant served 44 pages of objections to the interrogatories and 28 pages of objections to the production requests. Even single-spaced, they are 24 and 18 pages respectively. **Plaintiffs request an additional 12 pages for the motion regarding the interrogatories for a total of 36 pages and an additional 10 pages for the motion regarding the production for a total of 28 pages.** It is therefore impossible for Plaintiffs' motions to quote in full each discovery request followed immediately by quotation in full of the opposing party's response immediately followed by a statement of the reason the motion should be granted as required by Local Rule 3.04(a) within the 25-page limit imposed by Local Rule 3.01(d).

11. I hereby certify that I conferred with defense counsel in a good faith effort to resolve the issues raised by these motions and that defense counsel opposes the motions.

Respectfully submitted,

/s/ James K. Green
James K. Green, FL Bar No. 229466
**James K. Green, P.A.**
Esperanté, Suite 1650
222 Lakeview Ave.
West Palm Beach, FL  33401
Tel:  561-659-2029
Fax:  561-655-1357
jkg@jameskgreenlaw.com

**Counsel for Plaintiffs**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically mailed the foregoing to Sacha Dyson, sacha.dyson@gray-robinson.com, Gregory A. Hearing, gregory.hearing@gray-robinson.com, Julia C. Mandell, julia.mandell@gray-robinson.com, on the 22nd day of October, 2020.

/s/ James K. Green