UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Fort Myers Division

Case No. 2:19-cv-538-FtM-38NPM

KIMBERLY REGENESIS, LLC,
DAMASCUS TRADING COMPANY, LLC,

    Plaintiffs,
vs.

LEE COUNTY, a Florida political subdivision,

    Defendant.
_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTIONS TO COMPEL**

    Plaintiffs, through counsel, oppose the Defendant's Motion for Extension of Time to Respond to Plaintiffs' Motions to Compel.

    Notably, Defendant failed to attach Plaintiffs' email explaining why they oppose the requested extension (Ex. 1 to this Motion) and why this motion should be denied:

> "Sacha,
>
> **I rarely oppose reasonable requests for extension, but your requests are objectively unreasonable and are further reflective of your continued and repeated stalling.**
>
> > As stated in [Plaintiffs'] motions to compel [DE 56 and 57]:
> >
> > > On June 30, 2020, Plaintiffs propounded their First Set of Interrogatories. On July 30, 2020, Defendant wrote Plaintiffs, stating that while Plaintiffs' interrogatories were sent by e-mail, they were not served by U.S. Mail. Defendant therefore objected to the interrogatories in their entirety. Plaintiffs immediately re-served the interrogatories by e-mail and U.S. Mail. Ex. 1 [per Exhibit Index to DE 57].
> > >
> > > On September 1, 2020 Defendant requested an additional two-week extension to respond, to which Plaintiffs agreed. On September 15, 2020, Defendant served 44 pages of objections and responses to the interrogatories with no substantive responses other

1

than references to exhibits attached to the complaint. Ex. 2 [per Exhibit Index to DE 57].

On September 25, 2020, Plaintiffs requested a meet-and-confer for September 28 or 29. Defense counsel responded that she was available the following Monday, October 5, 2020. Ex. 3 [per Exhibit Index to DE 57].

On October 5, 2020, counsel conferred by telephone for nearly 2 ½ hours about the motions to compel and the page lengths therefor. Plaintiffs' counsel cited various cases, agreed to narrow various requests and interrogatories, clarify others, and withdraw others. Defense counsel said she needed to confer with her client about the issues discussed during the meet-and-confer and expected to get back to the undersigned by the end of the week but never did.

On Tuesday, October 6, 2020, Plaintiffs sent defense counsel notes embedded in the interrogatories and the responses thereto reflecting the narrowing Plaintiffs offered during the parties' meet-and-confer and some additional narrowing. Ex. 4 [per Exhibit Index to DE 57].

On Wednesday, October 14, 2020, Plaintiffs sent defense counsel an email:

> Sacha,
>
> It's been nine days. Still waiting for your responses and production…
>
> Jim

Defense counsel responded that she had been busy and had not had an opportunity to confer with her client but hoped to the following week.

On October 17, 2020, Plaintiffs sent defense counsel an email:

> Sacha,
>
> This is unreasonable. It's been more than 100 days since you were first served with the discovery requests. Please provide me your responses by close of business Wednesday[, October 21, 2020].
>
> Jim

Defense counsel failed to provide Defendant's responses by Wednesday, October 21, 2020. On October 22, 2020, Plaintiffs' counsel emailed defense counsel:

> Sacha,
>
> Today I will be filing motions to exceed page limits on Plaintiffs' motions to compel.
>
> As we discussed during our 2-plus hour meet-and-confer on October 5, your responses and objections to Plaintiffs' production request [were] 28 pages and Plaintiffs' interrogatories [were] 44

2

Case 2:19-cv-00538-SPC-NPM   Document 60   Filed 11/24/20   Page 3 of 5 PageID 774

pages. I asked for your consent to exceed the page limits by 15 pages over your 28 and 44 page responses and objections but you were non-committal.

Please advise by 3 p.m. today whether you will consent to these enlargements.

Jim

That same day, Plaintiff's counsel also telephoned defense counsel requesting her position on these motions. Defense counsel responded by email at 3:17 p.m. that she opposes the motions because "the parties have not completed the conferral regarding the discovery issues" but still offered no dates for her overdue responses.

**As of this filing, which is more than 133 days [now more than 145 days] after Defendant was placed on notice as to the interrogatories and more than 55 days[now more than 65 days] after Defendant filed its responses, Defendant has answered only one of the 16 interrogatories. Further, Defendant never verified its responses to the interrogatories.**

On October 22, 2020, Plaintiffs sought leave to file motions to compel in excess of 25 pages because Defendant's discovery responses and objections exceeded 25 pages, [DE 53], which on November 10, 2020 the Court denied but allowed Plaintiffs to "attach Defendant's discovery responses as exhibits to a motion that concisely addresses the areas of inquiry at issue." [DE 55].

On November 10, 2020, defense counsel emailed the undersigned requesting a time to "complete our conferral regarding these discovery requests."  The undersigned responded:

Sasha,

You've been stalling, and certainly for an objectively unreasonable period of time.

Your stalling in this case is consistent with your resistance to discovery in your other cases.

You have had more than 30 days to get back to me since after our 2 ½ hour telephonic meet-and-confer and my follow-up email but did not.

I believe plaintiffs have satisfied the letter and spirit of the local rules' requirements for meet-and-confer.

This noted, I will be willing to speak with you one last time tomorrow before 12 p.m. in a last-but-not-required attempt to resolve this dispute.

Jim

She responded:

Jim:

3

> **I'm not stalling. Instead, I have requested several times to complete our conferral, but I have not received any response from you.**
> Unfortunately, I cannot do it tomorrow as I will be out of the office.
> Please let me know when you have other availability. Upon my return to the office, I'm sure that we can find a mutually agreeable time to complete this conferral.
> Thanks,
> Sacha
>
> Ex. 5 (emphasis added).
> Defense counsel's statement in her email that she had "requested several times to complete our conferral, but I have not received any response from you" is false. *See* Exs. 3 and 5. At most, she stated in an October 16, 2020 email that she expected to get back to the undersigned by the end of the week but never did. Ex. 3.
>
> Given your pattern of stalling, I have no choice but to object.
>
> Jim"

(Exhibit 1).

The discovery deadline is only four months away [DE 52] and Defendant has failed to produce a single document, even though defense counsel agreed to produce them 70 days ago:

> [Request] 8. All documents Defendant listed in section II of its initial disclosures.
> [DEFENDANT'S] RESPONSE: Defendant agrees to produce such documents to the extent that they have not otherwise been produced in response to Plaintiffs' First Request for Production.
> PLAINTIFFS' REPLY: Plaintiff asked Defendant to deliver the documents via e-mail, DVD, or CD, but Defendant has not done so despite multiple requests after the parties' meet-and-confer on October 5, 2020.

DE 56 at 14.

Given these facts, the motion is in bad faith, was filed for purposes of delay, and it should be denied. *Hansen v. Experian Information Solutions, Inc.*, Case No. 16-CV-2629-DDC-GLR 2017 WL 2687685 *3 (D. Kansas 06/22/2017) (motion for extension denied noting "the length of the delay that has already occurred and the potential additional delay if the Court were to grant

4

Plaintiff's motion for extension of time could unnecessarily prolong discovery and interfere in the judicial process").

## CONCLUSION

Wherefore, Plaintiffs request this Court to deny the motion.

Respectfully submitted,

/s/ James K. Green
James K. Green, FL Bar No. 229466
**James K. Green, P.A.**
Esperanté, Suite 1650
222 Lakeview Ave.
West Palm Beach, FL  33401
Tel:  561-659-2029
Fax:  561-655-1357
jkg@jameskgreenlaw.com

**Counsel for Plaintiffs**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically mailed the foregoing to Sacha Dyson, sacha.dyson@gray-robinson.com, Gregory A. Hearing, gregory.hearing@gray-robinson.com, Julia C. Mandell, julia.mandell@gray-robinson.com, on the 24th day of November, 2020.

/s/ James K. Green

5