UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**KIMBERLY REGENESIS,
LLC, and DAMASCUS
TRADING COMPANY, LLC**

       **Plaintiffs,**

v.                                       Case No.: 2:19-cv-00538-FtM-38NPM

**LEE COUNTY,**

       **Defendant.**
_____/

## DEFENDANT'S RESPONSE TO PLAINTIFFS' SECOND MOTION TO COMPEL

Defendant, Lee County, hereby responds to Plaintiffs' Motion to Compel Responses, or Better Responses to Plaintiffs' First Set of Interrogatories (Dkt. No. 57; Second Motion to Compel). This case involves a narrow legal issue – whether Plaintiffs can establish a claim of discrimination under the ADA after litigating this issue in administrative hearings, the state circuit court, and the state district court of appeal. Instead of serving narrowly tailored interrogatories, Plaintiffs have served broad requests, seeking to conduct a fishing expedition in this matter. Indeed, several of the requests ask for information over a 20-year, or in some cases, a 30-year, period of time. Additionally, Plaintiffs seek information through "the present" in these requests. Yet, Plaintiffs delayed in filing this lawsuit until the eve of the four-year statute of limitations. Their decision to delay the filing of this lawsuit for four years does not expand the scope of discovery in this case. This lawsuit relates to a decision made in August 2015, not a decision made in the present.

In addition, Plaintiffs have served interrogatories with numerous discrete subparts and have violated the restriction on the number of interrogatories set forth in Rule 33(a). Although Plaintiffs attempted to withdraw several of these requests after the fact, Rule 33(a) prohibits the *service* of more than 25 interrogatories, including discrete subparts. As a result, their attempts to withdraw these requests, after Defendant responded, does not cure their service of more than 25 interrogatories. Moreover, this case involves a narrow legal issue for a specific period of time. Thus, it does not necessitate more than 25 interrogatories if they are narrowly tailored and directed to Plaintiffs' claim. Plaintiffs, however, are intent on conducting a fishing expedition instead of seeking the relevant and proportional discovery related to their claim.

Defendant served detailed objections and responses to these interrogatories, including citation to legal authority for its position, explaining the basis for its position, what information it agreed to provide, and what objections it was maintaining in response to these requests. In addition, since serving the objections, Defendant also has attempted to confer with Plaintiffs by offering to produce additional, specifically defined information. Plaintiffs, however, have refused to agree to these limitations, insisting on their broad, undefined, and supernumerary interrogatories.

Plaintiffs have failed to overcome Defendant's proper and well-founded objections. Therefore, Plaintiffs' motion must be denied.

## MEMORANDUM OF LAW

### I. Background Regarding Plaintiffs' Claim

Defendant has set forth the background for Plaintiffs' claim in Defendant's Response to Plaintiffs' First Motion to Compel (Dkt. No. 62). Instead of restating that background herein, Defendant incorporates the statement in Defendant's Response.

## II. Plaintiffs' Public Records Request and Publicly Available Information

In Defendant's Response to Plaintiffs' First Motion to Compel (Dkt. No. 62), Defendant explained Plaintiffs' public records request as well as the publicly available information related to Plaintiffs' requests. Instead of restating this section herein, Defendant incorporates by reference this section of its Response to Plaintiffs' First Motion to Compel.

## III. The Relevant Period of Time

As Defendant explained in its Response to Plaintiffs' First Motion to Compel, the relevant period of time is November 8, 2014, to August 5, 2015, and June 10, 2016 to August 25, 2016. Defendant incorporates by references its explanation regarding the relevant period of time from its Response to Plaintiffs' First Motion to Compel. Plaintiffs' interrogatories, however, vastly exceed the relevant period of time in this case. In some instances, Plaintiffs is seeking information over a 20- or 30-year period of time.

## IV. Defendant's General Objections, Reservation of Rights, and Production of Documents

Plaintiffs object to Defendant's general objections and reservation of rights asserting that both must be struck or overruled. (Second Motion to Compel at 5-6). First, there is nothing improper about Defendant's reservation of rights. Plaintiffs contend that this reservation "reserves all other objections." However, that is not accurate. Indeed, as reflected in the plain language of the reservation, this statement relates to the right to object to these documents at trial. It is clear from this reservation that no information is being withheld in response to these interrogatories under this reservation. Instead, Defendant explains that it may object to the introduction of any information at trial, which it has a right to do, even though they have been provided in discovery.

As Defendant explained in its conferral with Plaintiffs, the general objections are directed to the three pages of definitions and instructions in Plaintiffs' interrogatories, which are then

incorporated by reference into each interrogatory. (See Second Motion to Compel Ex. 2). To the extent that the three pages of instructions and definitions are intended to expand the scope of the interrogatories as stated, Defendant has made these objections and incorporated them into its responses, just as Plaintiffs have incorporated their three pages of instructions and definitions in their requests. Defendant has not asserted boilerplate objections to these interrogatories. Instead, in response to the specific interrogatories, it asserted specific objections, the basis for each objection, and whether it was withholding information in response to these interrogatories. When Defendant has agreed to provide information in response to an interrogatory, it has specifically identified the information that it has agreed to produce. It is clear in Defendant's response whether the question has been fully answered or not. Thus, Defendant's response is far from the boilerplate objections identified in the case law cited in the Second Motion to Compel.

## V.     Plaintiffs' Specific Requests

In order to obtain discovery, it must be relevant and proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1). The burden is on Plaintiffs, as the party seeking the discovery, to show the relevancy of the request. Gonzalez v. RFJD Holding Co., No. 14-61041-CIV, 2014 WL 12600140, at *2 (S.D. Fla. Aug. 25, 2014); Robles v. RFJD Holding Co., No. 11-62069-CIV, 2013 WL 12383426, at *2 (S.D. Fla. Jan. 3, 2013). The scope of discovery "is not so liberal as to allow a party to roam in the shadow zones of relevancy and to explore a matter which does not presently appear germane on the theory that it might conceivably become so." Miljkovic v. Wallenius Wilhelmsen Logistics Americas, LLC, No. 3:12-CV-786-J-12MCR, 2013 WL 1787810, at *3 (M.D. Fla. Apr. 26, 2013). In that vein, the Court has broad power "to regulate or prevent discovery even though the materials sought are within the scope of Rule 26(b)." Fed. R. Civ. P. 26(b) Advisory Committee's Note (1970); see also Goodman v. Ga. S.W., 147 F. App'x 888, 889

(11th Cir. Sept. 6, 2005); Wright v. AmSouth Bancorporation, 320 F.3d 1198, 1205 (11th Cir. 2003). In particular, discovery should be restricted when it is duplicative, redundant, or the burden outweighs the likely benefit. Fed. R. Civ. P. 26(b)(2)(C). With these principles, Defendant addresses each contested discovery request below.

### A. Interrogatory No. 1

In this interrogatory, Plaintiffs have served nine interrogatories based on its discrete subparts. See Trebor Indus., Inc. v. JL Gory, LLC, No. 09-60214-CIV, 2010 WL 11549691, at *2 (S.D. Fla. Dec. 30, 2010) (finding "that with regard to the paragraphs of the complaint denied in [Defendant's] answer, [Defendant] could not answer each one with the same response, thus the first interrogatory constitutes sixteen discrete questions" and "the interrogatories which lump together all of [Defendant's] affirmative defenses clearly require a response which is different for each of the affirmative defenses"); The Mitchell Co. v. Campus, No. CIV.A. 07-0177-KD-C, 2008 WL 2468564, at *15 (S.D. Ala. June 16, 2008) (recognizing that "a demand for information about a certain event and for the documents about it should be counted as two separate interrogatories.").

Specifically, this interrogatory seeks as follows:

- The factual basis for the contention that the "application for rezoning . . . [was] not readily achievable and/or sought to fundamentally and/or unreasonably alter the nature or purpose of Defendant's service, program, or activity, including its zoning ordinance and land development code";

- The legal basis for the contention that the "application for rezoning . . . [was] not readily achievable and/or sought to fundamentally and/or unreasonably alter the nature or purpose of Defendant's service, program, or activity, including its zoning ordinance and land development code";

5

- The factual basis for the contention that the "purported request for accommodation [was] not readily achievable and/or sought to fundamentally and/or unreasonably alter the nature or purpose of Defendant's service, program, or activity, including its zoning ordinance and land development code";
- The legal basis for the contention that the "purported request for accommodation [was] not readily achievable and/or sought to fundamentally and/or unreasonably alter the nature or purpose of Defendant's service, program, or activity, including its zoning ordinance and land development code";
- The factual basis for the contention that the "rezoning request . . . also was not necessary to avoid discrimination or accommodate any disability";
- The legal basis for the contention that the "rezoning request . . . also was not necessary to avoid discrimination or accommodate any disability";
- The factual basis for the contention that the "purported request for accommodation also was not necessary to avoid discrimination or accommodate any disability";
- The legal basis for the contention that the "purported request for accommodation also was not necessary to avoid discrimination or accommodate any disability";
- The documents "relating to or dealing with the foregoing."

Each of these interrogatories is a separate contention and thus cannot be lumped together in one interrogatory.

Defendant has separately responded to each of the requests seeking the factual basis for each of various contentions. Plaintiffs complain that this response does not comport with Rule 33(d) as Defendant did not identify documents by Bates number. However, Defendant specifically identified the documents that it is incorporating by reference in this interrogatory. Plaintiffs'

suggestion that they are unaware of these documents is not credible. Except for the Board's resolution, which Plaintiffs included in their own appendix of documents with the circuit court and Second DCA, the rest of the documents were served on Plaintiffs' current counsel in this case. These documents are discrete and readily identifiable.

Plaintiffs' assert that these contention interrogatories are necessary because it is "unclear how the 'application for rezoning and/or purported request for accommodation are not readily achievable and/or sought to fundamentally or unreasonably alter the nature or purpose of Defendant's service, program, or activity, including its zoning ordinances and land development code" and that "[t]he rezoning request and/or purported request for accommodation also was not necessary to avoid discrimination or accommodate any disability." (Second Motion to Compel at 12). However, this statement also is not credible. Indeed, the Board's resolution directly speaks to this issue as does the special magistrate's recommendation and the response to Plaintiffs' June 10, 2016, letter. (See Exhibit A; Exhibit B; Response to Plaintiffs' First Motion to Compel Ex. D). These contention interrogatories are not designed to identify and narrow the issues, but to increase the costs of the litigation by requiring Defendant to restate every fact that it previously provided in other documents.

In addition, several of these interrogatories ask Defendant to state the legal basis for its contentions. However, these are not proper interrogatories and Defendant appropriately objected to them. Romero v. Fla. Light & Power Co., No. 609CV1401ORL35GJK, 2010 WL 11507529, at *6 (M.D. Fla. June 8, 2010) ("Interrogatory No. 14 is not a proper interrogatory because it inappropriately seeks to invade the attorney-client privilege and/or work product doctrine by requesting the legal basis for Plaintiffs' claims."). Plaintiffs do not provide any argument establishing that these requests are proper.

7

Plaintiffs have also agreed to limit this request to withdraw the subpart requesting identification of documents.[1] However, Plaintiffs' withdrawal does not affect the calculation of interrogatories under Rule 33. Plaintiffs cannot attempt to withdraw interrogatories after the service of the objections and responses. See Broadway v. State Farm Auto. Ins. Co., No. 2:13CV628-WKW, 2014 WL 12741134, at *5 (M.D. Ala. Dec. 30, 2014) ("The court declines to permit plaintiff retroactively to redact interrogatories that have already been served, and have been the subject of responses or objections, in order to avoid the Rule 33 limit."); Big Voices Media, LLC v. Wendler, No. 3:12-CV-242-J-99MMH, 2012 WL 6021443, at *3 (M.D. Fla. Dec. 4, 2012) ("Movants provide no authority indicating . . . that a serving party can retroactively redact a set of interrogatories that has *already been responded to* in an attempt to serve more interrogatories."). Indeed, in response to these interrogatories, Defendant responded, in part, to the request seeking the identification of documents by identifying the documents set forth in its initial disclosures.

Moreover, to the extent that Plaintiffs' interrogatories are requesting Defendant identify every fact in support of its contentions, these interrogatories are unduly burdensome. See Larson v. Correct Craft, Inc., No. 605CV686ORL31JGG, 2006 WL 8439381, at *4 (M.D. Fla. Oct. 25, 2006) (finding that "courts have long held that an interrogatory asking a party to identify every fact, document or witness in support of a denial or allegation of fact creates an unreasonable burden on the responding party").

---

[1] Plaintiffs request for the identification of "all documents relating to or dealing with the foregoing" is clearly improperly and Defendant properly explained its objections to this request in its response to this interrogatory. As Plaintiffs withdrew this request in its motion, Defendant does not provide further argument regarding this interrogatory. It is unclear as to why Plaintiffs continue to argue about this request in the motion after they withdrew it. (See Second Motion to Compel at 11-13).

### B.     Interrogatory No. 2

Although Plaintiffs purport to withdraw Interrogatory No. 2, it was only done after Defendant responded to it. As set forth in response to Interrogatory No. 2, this interrogatory contains six discrete subparts asking for the identification of documents for each of the six discrete subparts. See Commodores Entm't Corp. v. McClary, No. 614CV1335ORL37GJK, 2015 WL 12843874, at *3 (M.D. Fla. Nov. 6, 2015) (observing that the request for identification of documents should be treated as a separate interrogatory). As set forth above, the withdrawal of these interrogatories, after Defendant responded, does not affect the calculation under Rule 33(a). Plaintiffs offer no argument as to why this interrogatory should not be counted as 6 separate interrogatories.

### C.     Interrogatory No. 3

In this interrogatory, Defendant seeks the identification of persons with knowledge as to six discrete areas. Thus, as with Interrogatory No. 2, this interrogatory also contains six discrete subparts. Plaintiffs assert that this interrogatory seeks information related to Defendant's second defense. However, the six discrete subparts are not taken from Defendant's second defense. In addition, Plaintiffs assert that they have limited this request to the "principal and material" facts regarding each of these discrete topics. However, Plaintiffs do not define the term "principal and materials." Thus, this alleged limitation is no limitation at all, but makes it impossible for Defendant to determine what information Plaintiffs are seeking in these interrogatories. In addition, these interrogatories appear to be duplicative and cumulative of the information Defendant provided in its initial disclosures.

Nonetheless, as part of the conferral, Defendant offered to amend this interrogatory to include the information provided in its Rule 26(a)(1) disclosures in response to each of these

discrete subparts. However, Plaintiffs declined to accept this offer of compromise without explaining why that information would not adequately respond to these interrogatories.

### D. Interrogatory No. 4

As Defendant explained in its objections, this interrogatory also contains at least six discrete subparts. It separately asks Defendant to identify each "specific request for relief" related to six discrete statements. Although Defendant does not have any knowledge as to Plaintiffs' intended meaning of "specific requests for relief," it answered each of these interrogatories based on its understanding of the requests at issue in this case. Although Plaintiffs complain about Defendant's understanding of the requests at issue, they offer no definition or detail for these interrogatories. Plaintiffs contends that this interrogatory seeks information related to Defendant's second defense, but these interrogatories inquire into six discrete topics that are not set forth in Defendant's second defense. Plaintiffs provide no explanation for how these interrogatories related to Defendant's second defense. Plaintiffs' assert that this response is "insufficiently general and vague." Yet, Plaintiffs could have served a specific and detailed request identifying what they intend to reference in "specific requests for relief." They failed to do so and also failed to provide any further definition or clarification in the motion or as part of the conferral regarding these requests. Thus, Defendant has properly responded to these interrogatories as they have been framed by Plaintiffs.

### E. Interrogatory No. 5

As Defendant explained its objections, prior to this interrogatory, Plaintiffs had served 27 interrogatories, including the discrete subparts. Therefore, Defendant objected to this interrogatory based on the limitation of Rule 33(a). Plaintiffs do not address this objection in their motion, but incorporate their response to Interrogatory No. 1. In addition, Defendant also explain

why this interrogatory contains four discrete subparts. Plaintiffs do not assert this objection or provide any alternative calculation. At a minimum, this interrogatory seeks both substantive information as well as the identification of documents. Furthermore, this interrogatory does not seek any relevant information or seek information related to the relevant period of time. Plaintiffs do not allege in the Complaint that they made any request other than to eliminate the zoning restrictions on the subject property. (See Exhibit B; Compl. ¶¶ 32, 84). Plaintiffs offer no argument as to why these interrogatories seek relevant or discoverable information.

### F. Interrogatory No. 6

As Defendant explained in its objections, Plaintiffs exceeded the permissible number of interrogatories prior to Interrogatory No. 6. This interrogatory also contains at least two interrogatories as it separately seeks the identification of documents. In addition, this interrogatory appears to be nearly identical to Request No. 1 in Plaintiffs' First Request for Production. As a result, in lieu of further response herein, Defendant incorporates its argument related to Request No. 1 in its Response to Plaintiffs' First Motion to Compel.

### G. Interrogatory No. 7, 8, 13, and 15

As Defendant explained in its objections, Plaintiffs exceeded the permissible number of interrogatories prior to Interrogatory No. 7, 8, 13, and 15. In addition, as set forth in Defendant's objections, Interrogatory No. 13 also contains more than one discrete subpart. In addition, these interrogatories appears to be nearly identical to Request Nos. 5, 10, 11, and 26 in Plaintiffs' First Request for Production. As a result, in lieu of further response herein, Defendant incorporates its argument related to Request Nos. 5, 10, 11, and 26 in its Response to Plaintiffs' First Motion to Compel.

### H. Interrogatory No. 9

As Defendant explained in its objections, Plaintiffs exceeded the permissible number of interrogatories prior to Interrogatory No. 9. In addition, as set forth in Defendant's objections, Interrogatory No. 9 also contains more than one discrete subpart. In addition, these interrogatories appears to be nearly identical to Request Nos. 3 and 12 in Plaintiffs' First Request for Production. As a result, in lieu of further response herein, Defendant incorporates its argument related to Request Nos. 3 and 12 in its Response to Plaintiffs' First Motion to Compel.

### I. Interrogatory No. 10

As Defendant explained in its objections, Plaintiffs exceeded the permissible number of interrogatories prior to Interrogatory No. 10. In addition, as set forth in Defendant's objections, Interrogatory No. 10 also contains more than four discrete subparts. It again includes the same objectionable interrogatory as Interrogatory No. 1 seeking "all documents related to or dealing with the foregoing." Furthermore, these interrogatories do not seek relevant or discoverable information. Whether an administrative complaint has been filed or Defendant has been sued in federal or state court in the last ten years for any fair housing complaint, which is much broader than the discrete claim at issue in this case, is not relevant to Plaintiffs' claim. As Defendant explained in its Response to Plaintiffs' First Motion to Compel, "history" is not always relevant as Plaintiffs contend. Instead, it is the history of the decision, not history in general. (See Response to Plaintiffs' First Motion to Compel at 13-14). This interrogatory is simply a fishing expedition that does not seek relevant or discoverable information. Indeed, Plaintiffs have not cited any authority that would allow them to seek this broad request for any complaints or lawsuits in a ten-year period of time as well as extensive requests for information regarding each complaint or lawsuit.

### J. Interrogatory No. 11

As Defendant explained in its objections, Plaintiffs exceeded the permissible number of interrogatories prior to Interrogatory No. 11. In addition, as set forth in Defendant's objections, Interrogatory No. 11 also contains more than one discrete subpart. In addition, these interrogatories appears to be nearly identical to Request No. 16 in Plaintiffs' First Request for Production. As a result, in lieu of further response herein, Defendant incorporates its argument related to Request No. 16 in its Response to Plaintiffs' First Motion to Compel.

### K. Interrogatory No. 12

As Defendant explained in its objections, Plaintiffs exceeded the permissible number of interrogatories prior to Interrogatory No. 12. In addition, as set forth in Defendant's objections, Interrogatory No. 12 also contains more than one discrete subpart. In addition, these interrogatories appears to be nearly identical to Request Nos. 19, 21, and 22 in Plaintiffs' First Request for Production. As a result, in lieu of further response herein, Defendant incorporates its argument related to Request Nos. 19, 21, and 22 in its Response to Plaintiffs' First Motion to Compel.

### L. Interrogatory No. 14

As Defendant explained in its objections, Plaintiffs exceeded the permissible number of interrogatories prior to Interrogatory No. 14. In addition, as set forth in Defendant's objections, Interrogatory No. 14 also contains many discrete subparts. In addition, these interrogatories appears to be nearly identical to Request No. 17 in Plaintiffs' First Request for Production. As a result, in lieu of further response herein, Defendant incorporates its argument related to Request No. 17 in its Response to Plaintiffs' First Motion to Compel.

### M. Interrogatory No. 16

As Defendant explained in its objections, Plaintiffs exceeded the permissible number of interrogatories prior to Interrogatory No. 16. Indeed, by Interrogatory No. 16, Plaintiffs have well exceeded the limitations imposed by Rule 33(a).

### VI. Conclusion

Based on the foregoing, Defendant respectfully requests that the Court deny Plaintiffs' Motion to Compel (Dkt. No. 57).[2]

Dated this 7th day of December, 2020.

Respectfully submitted,

*s/Sacha Dyson*
GREGORY A. HEARING
Florida Bar No.: 817790
Gregory.hearing@gray-robinson.com
SACHA DYSON
Florida Bar No. 509191
sacha.dyson@gray-robinson.com
GRAYROBINSON, P.A.
401 E. Jackson Street, Suite 2700
P.O. Box 3324 (33601-3324)
Tampa, Florida
33602
Telephone: (813) 273-5000
Facsimile: (813) 273-5145
COUNSEL FOR DEFENDANT

---

[2] Although Plaintiffs make a request for attorney's fees, they present no argument in support of that request. Even if the Court were to disagree with Defendant's position regarding these requests, Defendant asserts that an award of attorney's fees under Rule 37(a)(5) is not warranted as Defendant's position is substantially justified and Plaintiffs failed to confer in good faith as required by Rule 37(a)(5)(A).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of December, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: James K. Green, Esq., Attorney for Plaintiffs.

          *s/Sacha Dyson*
          Attorney