UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KIMBERLY REGENESIS, LLC,
and DAMASCUS TRADING
COMPANY, LLC,

      Plaintiffs,

v.                                         Case No.: 2:19-cv-538-FtM-38NPM

LEE COUNTY,

      Defendant.

_____/

## DEFENDANT'S MOTION TO COMPEL
## PRODUCTION OF DOCUMENTS PURSUANT TO RULE 34

      Defendant, Lee County, ("Defendant" or "County"), by and through its undersigned counsel, moves pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and Local Rule 3.01(g) for an Order compelling Plaintiffs to provide all documents responsive to Requests No. 3, 4, and 5 of Defendant's First Request for Production. The documents sought by those requests are clearly within the scope of discovery in this case and necessary for Defendant to evaluate Plaintiffs' claims and support its defenses. Moreover, the objections asserted by Plaintiffs are entirely without merit. The factual and legal grounds for this Motion are set forth in the following memorandum of law.

## MEMORANDUM OF LAW

### I. Background

Defendant has set forth the procedural and factual background underlying Plaintiffs' claim in Defendant's Response to Plaintiffs' First Motion to Compel (Dkt. No. 62). To avoid repetitive briefing, Defendant incorporates that detailed background statement in this Motion. Turning to the particular circumstances underlying this Motion, Defendant served its First Request for Production on November 17, 2020. (Exhibit A). Included within that First Request for Production are Requests No. 3, 4, and 5, which seek: (1) Plaintiffs' federal, state, and local tax returns for the tax years 2014, 2015, 2016, 2017, 2018, and 2019, including all supporting schedules and forms; (2) Plaintiffs' financial statements reflecting the revenue and expenses Plaintiffs incurred in 2014, 2015, 2016, 2017, 2018, 2019, and 2020; and (3) the documents reflecting any revenue Plaintiffs received from January 1, 2020, to the present. (Exhibit A at 5). Rather than produce any documents, Plaintiffs have asserted the same objections to all three of these requests for production. Specifically, Plaintiff stated:

> Objections and Response: This request is not relevant to any claim or defense or proportional to the needs of the case. Plaintiff is not seeking damages at this time based on a lost profits measure of damages or the asset approach. Instead, Dr. Fishkind, Plaintiff's [sic] damages expert, utilized the market approach because there is an active market in the purchase and sale of licensed drug and alcohol treatment facilities based and valued the losses based on the number of licensed beds. *See* Plaintiffs' Amended Rule 26(a)(1) disclosure and Expert Report of Hank Fishkind, Ph.D.

> Even if this request were somehow relevant, [the documents requested] are not proportional to the needs of the case.
>
> Lastly, "[y]our" is defined to include "Plaintiffs' current or former employees, representatives, agents, attorneys, and accountants; any one or group of the foregoing; or any other person acting for, or on Plaintiffs' behalf, or under their authority or control." Definition 1. As such, it is facially overbroad, invades their financial privacy, is not relevant to the claims or defenses, and is not proportional to the needs of the case.

(Exhibit B at 3-4).

Prior to serving their discovery responses, Plaintiffs filed their Motion and Memorandum to Compel Responses, or Better Responses, to Plaintiffs' First Request to Produce and to Overrule Defendant's Objections (Dkt. No. 56; Plaintiffs' First Motion to Compel), as well as their Motion and Memorandum to Compel Responses, or Better Responses, to Plaintiffs' First Set of Interrogatories and to Overrule Defendant's Objections (Dkt. No. 57; Plaintiffs' Second Motion to Compel). Defendant filed its Responses to Plaintiffs' First Motion to Compel and Second Motion to Compel (Dkt. No. 62 & 63) on December 7, 2020. The parties have also set several depositions, including: the deposition of Plaintiffs' corporate representatives; the deposition of Defendant's corporate representative; the depositions of three of the five County Commissioners; and the depositions of Plaintiffs' expert witnesses, including Dr. Fishkind.

On February 9, 2021, Defendant filed a Motion for Protective Order and to Quash Notices and Subpoena for Deposition (Dkt. No. 66; Defendant's Motion for Protective Order) asking that the Court prohibit the depositions of the three County Commissioners, as well as preclude Plaintiffs from requesting documents through a

3

subpoena for deposition duces tecum improperly served on John Manning, one of the County Commissioners. Plaintiffs filed their Response to Defendant's Motion for Protective Order (Dkt. No. 68) on February 18, 2021.

On February 24, 2021, Plaintiffs filed a Motion for Protective Order and to Stay Depositions (Dkt. No. 69; Plaintiffs' Motion for Protective Order) seeking a protective order against Defendant taking the depositions of their corporate representatives pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs amended their Motion for Protective Order on the same date to include exhibits not originally included with that Motion (Dkt. No. 70; Plaintiffs' Amended Motion for Protective Order). The Court subsequently denied Plaintiffs' Motion for Protective Order as moot, scheduled a hearing on all discovery motions filed by the parties on April 9, 2021, and temporarily quashed notices of deposition served by the parties pending the resolution of those discovery motions. (Order (Dkt. Nos. 72); Order (Dkt. No. 73)).

As explained in further detail below, Defendant is entitled to the documents requested, which fall well within the scope of discovery in this case. Additionally, Plaintiffs' objections are entirely without merit. As such, Defendant requests that the Court enter an Order compelling Plaintiffs to produce all documents responsive to Requests No. 3, 4, and 5 of Defendant's First Request for Production. In light of the issues presented in this Motion, as well as the other discovery motions filed in this case, Defendant further requests that the Court hear this Motion on April 9, 2021.

## II. Legal Standard

Pursuant to Rule 26(b) of Federal Rules of Civil Procedure, the parties "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). A party may move to compel when another party fails to provide information as requested under Rules 33 and 34. Fed. R. Civ. P. 37(a)(3). Rule 37(a)(4) provides that "[f]or purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4). Plaintiffs, as the parties resisting the production of information and documents, bear the burden of justifying their failure to produce. See Gober v. City of Leesburg, 197 F.R.D. 519, 521 (M.D. Fla. 2000); see also Henderson v. Holiday CVS, L.L.C., 269 F.R.D. 682, 686 (S.D. Fla. 2010).

### A. The Documents Requested Are Clearly Discoverable.

The documents sought by Requests No. 3, 4, and 5 of Defendant's First Request for Production are clearly relevant and proportional to the needs of this case. Plaintiffs' Complaint (Dkt. No. 1; Complaint) seeks an award of "damages for the harm they experienced as a result of the County's discriminatory conduct." (Complaint at 24). Plaintiffs' Complaint further contains several allegations related to the damages they seek in this case, including: (1) that they "have expended time and financial resources and have lost the opportunity to conduct their business and provide a much-needed service." (Compl. ¶ 96); (2) that they "have suffered damages, including frustration of mission and **lost profits**." (Compl. at ¶ 83) (emphasis in

5

original); and (3) that the discrimination underlying their claim "resulted (and continues to result) in both irreparable and pecuniary damage to Plaintiffs." (Compl. ¶ 6). Defendant is entitled to discovery that would allow it to evaluate those factual allegations, as well as Plaintiffs' specific claim for an award of alleged damages they have suffered. Defendant is further entitled to that discovery to investigate and support its defense that Plaintiffs have failed to mitigate their damages. See Curry v. HSBC N. Am. Holdings, Inc., No. 8:14-CV-2420-T-30JSS, 2015 WL 12843842, at *4 (M.D. Fla. Sept. 24, 2015) (compelling production of documents, including tax returns, in response to request asking for "[a]ll documents relating to any financial loss allegedly incurred by [a plaintiff.]"); Stevenson v. Johnson Bros. Corp., No. 2:18-CV-1702-RDP, 2019 WL 1083781, at *4 (N.D. Ala. Mar. 7, 2019); Kendall v. Phoenix Home Health Care Servs., Ltd., Civil Action 2:15-cv-3009, 2016 WL10950446, at *2 , (S.D. Ohio 2016) ("[T]ax returns are particularly relevant where, as here, they relate to potential theories of mitigation of damages . . . .").

Aside from their relevancy to any amount of damages allegedly suffered by Plaintiffs and issues related to mitigation, the documents sought in Requests No. 3, 4, and 5 of Defendant's First Request for Production are necessary to evaluate Plaintiffs' allegations regarding the demand for substance abuse treatment centers. Specifically, Plaintiffs rely on such alleged demand in their Complaint, as well as all three of their expert reports. (Compl. ¶ 58, 66; Exhibit C). Indeed, in Plaintiffs' expert report of Dr. Mary Mouracade, she asserts that Plaintiffs "currently operates an outpatient treatment office at 6290 Corporate Court, Fort Myers, FL." (Exhibit C). They also

are currently operating a "Recovery Residence Program" on the property at issue. (See https://kimberlycenter.com/sober-living/). In order to defend against Plaintiffs' claim, Defendant must be allowed discovery on this issue, not only with regard to any alleged general demand, but also with regard to the specific demand reflected in Plaintiffs' financial performance.

**B.     Plaintiffs' Objections Are Without Merit.**

For the reasons described above, Plaintiffs' objections relating to the relevance of the documents sought by Requests No. 3, 4, and 5 of Defendant's First Request for Production are without merit. Additionally, Plaintiffs' objection regarding the proportionality of Requests No. 3, 4, and 5, is nothing more than a boilerplate objection without any explanation. It is well-established that "[p]arties are not permitted to assert these types of conclusory, boilerplate objections that fail to explain the precise grounds that make the request objectionable." Nationwide Mut. Fire Ins. Co. v. Kelt, Inc., No. 6:14-CV-749-ORL-41, 2015 WL 1470971, at *3 (M.D. Fla. Mar. 31, 2015). As such, any objection in that regard cannot constitute a proper basis for Plaintiffs to withhold producing documents.

Plaintiffs' substantive objection that they are not seeking damages based on a lost profits basis, but rather a market approach, is likewise without merit. In discussing his methodology to quantify permanent damages, Plaintiffs' economic expert, Dr. Hank Fishkind, specifically states that "[s]ince the business continues to operate, lost profits are the appropriate metric for damage." (Exhibit D at 8). Plaintiffs' expert further states that "economic damages to the Plaintiffs depend upon whether the

7

Plaintiffs could have earned a profit operating the Facility as proposed[, which] depends on three main factors: (1) capacity to manage the Facility; (2) ability to finance the Facility; and (3) reasonable prospect for earning profits from the Facility." (Id.). The expert report also represents that "Plaintiffs have demonstrated their ability to successfully develop and operate the Facility as proposed." (Id.). Rather than support any proper objection to Requests No. 3, 4, and 5 of Defendant's First Request for Production, the expert report of Dr. Fishkind serves only to highlight the Defendant's legitimate need for the documents sought by the same. Indeed, given the representations made in that report, Defendant needs, and is entitled to, production of those documents in order to properly examine Dr. Fishkind at his deposition.

      Even if Plaintiffs' representations regarding Dr. Fishkind's report were accurate, which they are not, such representations would not support their objection to Requests No. 3, 4, and 5 of Defendant's First Request for Production of Documents. Simply purporting to choose a theory of damages that does not rely on particular documents does not remove them from the scope of discovery, particularly in light of the allegations contained in Plaintiffs' Complaint and the defenses asserted by Defendant. See Gulf Coast Shippers Ltd., P'ship v. DHL Express (USA), Inc., No. 2:09cv221, 2015 WL 127857, at *2 (D. Utah Jan. 7, 2015) (finding that contention that expert witness did not consider financial documents in rendering opinion does not preclude discovery as to the same). These documents are directly relevant to their claims of damages, as pled in the Complaint, as well as whether, when, and in what amount, if any, Plaintiffs mitigated any claimed damages.

With regard to Plaintiffs' objections based on the privacy rights of other individuals, as noted above, it is unclear what the basis for Plaintiffs' objection is. To the extent that Plaintiffs are arguing that these requests seek the documents of someone other than Plaintiffs, that is not accurate. Defendant is seeking the financial records of Plaintiffs, not any non-party. To the extent that Plaintiffs are arguing that their financial records will reveal financial information related to other individuals, that objection likewise is not well-taken. Plaintiffs have placed the financial information of such individuals directly at issue through the opinion of their expert witness and their claims for damages.

"Under the Federal Rules of Civil Procedure, 'there is no outright privilege for confidential information or trade secrets.'" Sovereign Health of Florida, Inc. v. City of Fort Myers, Case No. 2:15-cv-265-FtM-29CM, 2016 WL 5870213, at *6 (M.D. Fla. Oct. 7, 2016) (quoting Kaiser Aluminum & Chem. Corp. v. Phosphate Eng'g & Constr. Co., Inc., 153 F.R.D. 686, 688 (M.D. Fla. 1994)); see also Coach, Inc. v. Swap Shop, Inc., No. 12-60400-CIV, 2013 WL 4407064, at *1 (S.D. Fla. Aug. 13, 2013) ("Although there is a split of authority on the issue, and some courts in this district have imposed such a requirement, the Eleventh Circuit does not require a heightened standard for discovery of tax returns.") (citing Maddow v. Proctor & Gamble Co., Inc., 107 F.3d 846, 853 (11th Cir. 1997)). In order to properly support such an objection, a party must "demonstrate that the documents' confidentiality and potential harm from disclosure." Sovereign Health of Florida, Inc., 2016 WL 5870213, at *6. Plaintiffs have not asserted, and cannot establish, such potential harm which would

outweigh Defendant's need for the documents requested. Moreover, Plaintiffs asserted this objection only with regard to their "current or former employees, representatives, agents, attorneys, and accountants; any one or group of the foregoing; or any other person acting for, or on Plaintiffs' behalf, or under their authority or control." (Exhibit B at 3-4). Accordingly, Plaintiffs have waived any objection based on heightened protection for financial documents as it relates to their corporate financial documents, which is the information sought in these requests. To the extent that Plaintiffs believe that there is need to protect this information through a confidentiality agreement, Defendant already has offered to negotiate such an agreement. Defendant's offer, however, was denied, and Plaintiffs continued to maintain their objections and refuse to produce these documents.

## **CONCLUSION**

The documents sought in Requests No. 3, 4, and 5 of Defendant's First Request for Production are clearly relevant to Plaintiffs' claims and the allegations contained in their Complaint, as well as Defendant's defenses. Moreover, Plaintiffs' asserted objections are entirely without merit. Aside from Plaintiffs' boilerplate objections to relevance and proportionality, Plaintiffs' objection based on the report of their economic expert serves only to highlight the need for the documents Defendant has requested. Plaintiffs cannot establish any basis to resist the production of basic financial information, especially given the claims made and damages sought in this action. Therefore, the Court should grant Defendant's Motion and enter an order compelling Plaintiffs to produce all documents responsive to Requests No. 3, 4, and 5

10

of Defendant's First Request for Production. Defendant respectfully requests that the Court hear this Motion on the date already scheduled for a hearing on the remaining discovery motions filed in this case.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g) and Federal Rule of Civil Procedure 37(a)(1), Counsel for Defendant certifies that it has attempted to confer in good faith with counsel for Plaintiff in an attempt to resolve this discovery dispute without need for judicial intervention. Specifically, Defendant certifies that it has conferred with Plaintiffs via telephone, and that parties have been unable to resolve this dispute.

Dated this 9th day of March, 2021.

Respectfully submitted,

s/*Sacha Dyson*
GREGORY A. HEARING
Florida Bar No.: 817790
gregory.hearing@gray-robinson.com
SACHA DYSON
Florida Bar No.: 509191
sacha.dyson@gray-robinson.com
JULIA C. MANDELL
Florida Bar No.: 81442
julia.mandell@gray-robinson.com
GRAYROBINSON, P.A.
401 East Jackson Street, Suite 2700
P.O. Box 3324 (33601-3324)
Tampa, Florida 33602
Tel: (813) 273-5000
Fax: (813) 273-5145
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of March, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

James K. Green
JAMES K. GREEN, P.A.
Suite 1650, Esperante
222 Lakeview Avenue
West Palm Beach, FL 33401
jkg@jameskgreenlaw.com
Attorney for Plaintiffs

                                            s/*Sacha Dyson*
                                            Attorney