UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KIMBERLY REGENESIS, LLC
and DAMASCUS TRADING
COMPANY, LLC,

      Plaintiffs,

v.                                                     Case No. 2:19-cv-538-SPC-NPM

LEE COUNTY,

      Defendant.

## ORDER

The parties in this American with Disabilities Act ("ADA") action filed multiple papers related to discovery disputes. The Court held a hearing on April 9, 2021, to resolve these matters and to set new case-management deadlines. For the reasons stated in more detail on the record during the April 9 hearing, the Court grants and denies certain motions to compel, or for protection from, discovery as set forth in this Order. And under the circumstances, the Court does not award expenses for any of these motions to either side. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).

**Plaintiffs' motion to compel responses and documents responsive to their First Request to Produce (Doc. 56)**

This motion is **GRANTED in part** and **DENIED in part**. As to each Request for Production ("RFP") the Court grants or denies relief as follows:

1. Denied.

2. Granted. But Defendant need only produce maps from 2015 and 2016 in a format reasonably accessible to Plaintiffs.

3. Denied.

4. Denied.

5. Granted. But this request is limited to documents from 2004 through 2016, and it is further narrowed to applications for use permits, zoning approvals, or re-zonings, involving "special exceptions" in the "Central Urban" or any AG zoned area of unincorporated Lee County, or involving any request to rezone from AG-2 to CFPD, for group homes for the disabled, assisted living facilities, or substance use disorder treatment facilities. Given the publicly available nature of these records, the burden of identifying any other potentially comparable matter will be borne by Plaintiffs.

6. Denied as moot.

7. Denied.

8. Denied as moot.

9. Denied.

10. Granted. But Defendant need only produce applications for rezoning to CFPD concerning group residential facilities (including treatment facilities) from 2004 through 2016.

11. Granted to the same extent as RFP 10.

12. Denied.

13. Denied.

14. Denied without prejudice. The Court will address the request for resumes or CVs of the commissioners in 2015 and 2016 when it addresses whether any commissioners will be deposed.

15. Denied as moot.

16. Denied as moot.

17. Denied as moot.

18. Denied as moot.

19. Denied as moot.

20. Denied as moot.

21. Denied as moot.

22. Denied as moot.

23. Denied as moot.

24. Denied.

25. Granted. But this request is narrowed to any photographs or videos (in any medium) of the Property from November 8, 2014, through August 25, 2016.

26. Granted. But this request is narrowed to ADA-related reasonable accommodation requests in the re-zoning context from 2010 through 2016.

**Plaintiffs' motion to compel answers to their First Set of Interrogatories (Doc. 57)**

This motion is **GRANTED in part** and **DENIED in part**. As to each interrogatory, the Court grants or denies relief as follows:

1. Denied.

2. Denied as moot.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Granted. But this interrogatory is narrowed to the same scope as RFP 5, as discussed above, and Defendant's answer need only discuss information not made available in its document production.

8. Denied.

9. Denied.

10. Granted. But the phrases "fair housing or" and "or housing" are stricken, as is all language after the phrase "complaint or case number."

11. Granted. But the time period is limited to 2014 through 2016, Defendant need only make inquiry with the same 25 custodians it consulted to respond to RFP 17, and its answer need only discuss information not made available in its document production.

12. Granted. But this interrogatory is subject to the same limitations that narrow interrogatory 11.

13. Denied.

14. Granted. But this interrogatory is limited to 2014 through 2016, and Defendant's answer need only discuss information not made available in its document production.

15. Granted. But this interrogatory is subject to the same limitations that narrow RFP 26, and Defendant's answer need only discuss information not made available in its document production.

16. Granted. Defendant will produce verified answers to all interrogatories subject to the rulings in this Order.

**Plaintiffs' motion for protection from some of Defendant's designated 30(b)(6) topics (Doc. 70)**

This motion is **GRANTED in part** and **DENIED in part**. For topics 13, 14, and 21, protection is granted. And for topic 20, protection is granted in part.

Defendants may only explore this information in the aggregate to get a sense of the number of residents and the types of diagnoses and conditions among the residents as a group.

For topics 15, 25, and 27, protection is denied. For topic 29, protection is denied as moot because Plaintiffs will answer Defendant's Interrogatory 22. As for topic 6, which the Court took under advisement during the hearing, protection is also denied.

Topic 6 requires the Plaintiffs' 30(b)(6) designees to be prepared to testify about the Plaintiffs' request for a special magistrate to potentially facilitate a resolution of the zoning dispute under Florida's Land Use and Environmental Dispute Resolution Act, codified as Florida Statute § 70.51. Specifically, the 30(b)(6) designation includes the Plaintiffs' request made under the act, the proceeding held, and the recommendation of the special magistrate.

By analogy to private mediation, Plaintiffs assert that such matters should be shielded from discovery as privileged. But by statute, they are by no means private and so the comparison does not hold up. In fact, the request made under the act must be served on all contiguous landowners and any "substantially affected" parties who supported or opposed Plaintiffs' intended use for the land. *See* Fla. Stat. § 70.51(5). And these individuals or entities may participate in the special master proceeding. *See* Fla. Stat. § 70.51(12). Further, and in "all respects," the special master hearing is

"open to the public." Fla. Stat. § 70.51(17); *see also* Fla. Stat. § 70.51(15)(b) (requiring the special master to provide notice of the hearing to any person who requests it). Moreover, the special master's recommendation is a matter of "public record." Fla. Stat. § 70.51(20). While the Court may nevertheless determine at a later time that some such evidence may not be admissible at trial or for summary-judgment purposes, and this ruling does not prevent Plaintiffs from invoking attorney-client privilege or work-product protection when appropriate, there is no basis to completely shield this area of inquiry from discovery as privileged.

**Defendant's motion to compel the production of documents (Doc. 75)**

This motion is **GRANTED** and each Plaintiff will produce: (1) any spreadsheets, statements, reports or credit applications from August 2015 to the present that show revenues; profits and losses; a balance of assets, liabilities and equity; and other similar financial information; and (2) any financial information disclosed in the prior litigation between Damascus Trading Company, LLC and Tom and Nina Burt, if any.

**Other discovery issues**

No party will serve any further written discovery requests in this matter. In accordance with the rulings above, the parties will serve responses and produce documents by **June 8, 2021**. The parties will depose any fact witnesses by **June 23,**

**2021**. And the parties will conduct all Rule 30(b)(6) depositions by **July 18, 2021**. The parties will also file any Rule 30(b)(6) deposition notices with the Court.

Following the completion of the Rule 30(b)(6) depositions, the Court will set for hearing Defendant's motion to preclude any depositions of the current or former commissions (Doc. 66). The parties may file supplemental authority relevant to this motion by **May 7, 2021**.

**DONE** and **ORDERED** in Fort Myers, Florida on April 28, 2021.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE