## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**KIMBERLY REGENESIS, LLC,**
**and DAMASCUS TRADING**
**COMPANY, LLC,**

       **Plaintiffs,**

v.                         **Case No.: 2:19-cv-538-FtM-38NPM**

**LEE COUNTY,**

       **Defendant.**

_____ /

## <u>NOTICE OF APPEAL</u>

Defendant, Lee County and non-party Commissioners Frank Mann, John Manning, and Cecil Pendergrass (hereinafter referred to as Commissioners), by and through their undersigned counsel and pursuant to 28 U.S.C. § 1291 and the collateral order doctrine, hereby jointly file this Notice of Appeal to the Eleventh Circuit Court of Appeals of: 1) the Magistrate Judge's September 29, 2021, Order on Motion for Protective Order (Dkt. No. 101), and 2) the Opinion and Order overruling in part Defendant's Objections to Order on Motion for Protective Order entered on October 29, 2021. (Dkt. No. 108).

Defendant Lee County as well as the non-party Commissioners submit that the Eleventh Circuit should assume jurisdiction under 28 U.S.C. § 1291 and the

collateral order doctrine.  The District Court's Order requires two elected County Commissioners as well as one former commissioner to be deposed on two topics areas related to the quasi-judicial decision made by the Lee County Commission. The Commissioners are entitled to quasi-judicial immunity as well as protection of the apex doctrine.  Jurisdiction is proper under 28 U.S.C. § 1291 and the collateral order doctrine as this decision conclusively determines claims of quasi-judicial immunity and the apex doctrine that are separable from the merits of this action and the decision is effectively unreviewable on appeal from a final judgment.  Indeed, the harm arises from permitting these depositions to proceed.  See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949); see also In re Hubbard, 803 F.3d 1298, 1305 (11th Cir. 2015) ("It is the law of this circuit that one who unsuccessfully asserts a governmental privilege may immediately appeal a discovery order where he is not a party to the lawsuit."); Roland v. Phillips, 19 F.3d 552, 555 (11th Cir. 1994) ("The denial of a claim of absolute immunity, including quasi-judicial immunity, is immediately appealable under the collateral order doctrine.").

Defendant Lee County and the non-party Commissioners also will file a separate Petition for Writ of Mandamus with the Eleventh Circuit Court of Appeals as an alternative basis for jurisdiction.

Dated this <u>2nd</u> day of November, 2021.

Respectfully submitted,

s/ ***Sacha Dyson***                                

| | |
|---|---|
| GREGORY A. HEARING | GRAYROBINSON, P.A. |
| Florida Bar No.: 817790 | 401 East Jackson Street, Suite 2700 |
| gregory.hearing@gray-robinson.com | P.O. Box 3324 (33601-3324) |
| SACHA DYSON | Tampa, Florida 33602 |
| Florida Bar No.: 509191 | Tel: (813) 273-5000 |
| sacha.dyson@gray-robinson.com | Fax: (813) 273-5145 |
| | Attorneys for Defendant Lee |
| | County and Non-Party |
| | Commissioners Mann, Manning, |
| | and Pendergrass |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this <u>2nd</u> day of November, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

James K. Green
JAMES K. GREEN, P.A.
Suite 1650, Esperante
222 Lakeview Avenue
West Palm Beach, FL 33401
jkg@jameskgreenlaw.com
Attorney for Plaintiffs

s/ ***Sacha Dyson***                                
Attorney