UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KIMBERLY REGENESIS, LLC
and DAMASCUS TRADING
COMPANY, LLC,

      Plaintiffs,

v.                                        Case No: 2:19-cv-538-SPC-NPM

LEE COUNTY,

      Defendant.
_____/

**OPINION AND ORDER**[1]

Before the Court is Defendant Lee County's Objections to Order on Motion for Protective Order (Doc. 103), along with Plaintiffs Kimberly Regenesis, LLC and Damascus Trading Company, LLC's response in opposition (Doc. 104). Defendant objects to United States Magistrate Judge Nicholas P. Mizell denying its request to preclude depositions of three members of the Board of County Commissioners and to quash a subpoena *duces tecum* served on another Commissioner. After considering the papers, record, and applicable law, the Court overrules the Objections in part.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

The factual and procedural history have been detailed in prior orders and need not be rehashed here. The Court will summarize, however, relevant facts for context.

This case arises from a protracted zoning dispute between Plaintiffs and Defendant. Over seven years ago, Plaintiffs applied to rezone property to build a residential treatment center for people recovering from substance abuse disorders. Defendant's Board of County Commissioners denied the application. Plaintiffs first tried to overturn their decision in state court. When that did not work, Plaintiffs sued Defendant here for intentional discrimination and failure to provide a reasonable accommodation under Title II of the Americans with Disabilities Act. (Doc. 1 at 23). Plaintiffs argue Defendant unlawfully denied their rezoning request because of political pressure from neighbors who harbor discriminatory animus against recovering addicts.

This case has been contentious from the start. And Defendant's Motion for Protective Order is no exception. Defendant wants to stop Plaintiff from deposing certain Commissioners for three reasons. First, the Commissioners enjoy quasi-judicial immunity. Second, the apex doctrine applies because the Commissioners are high-ranking government officials without unique, personal knowledge on the discrimination claim. Third, deposing the Commissioners is not proportional to the needs of the case. (Doc. 66). Judge

2

Mizell disagreed. In denying the motion, he allowed Plaintiffs to depose three Commissioners on limited topics:

> (1) any communications or other interactions with persons or entities other than county staff concerning the Plaintiffs, 6401 Winkler Road, or the Protect Our Community PAC, since January 1, 2014; and (2) any monetary or in-kind contributions to any campaign committee or interest group by any opponent to the rezoning at issue.

(Doc. 101 at 18). Defendant now objects through Rule 72 of the Federal Rules of Civil Procedure.

Rule 72 governs pretrial matters referred to a magistrate judge. Under it, a district judge reviewing a magistrate judge's decision on a non-dispositive issue "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Clear error is a highly deferential standard. *See Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1351-52 (11th Cir. 2005). "A finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (citation omitted). An order "is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013). Neither standard provides grounds to set aside or modify Judge Mizell's order. And here's why.

Defendant offers three objections: (1) the apex doctrine precludes the Commissioners' depositions; (2) the Commissioners have absolute immunity from discovery because they acted in quasi-judicial fashion; and (3) the documents sought from the former Commissioner are irrelevant. Each objection mirrors Defendant's original arguments. But Rule 72 does not exist for a party to rehash failed arguments hoping to secure a different result. The rule demands clear error and a finding contrary to the law.

Judge Mizell correctly considered Defendant's motion under Federal Rule of Civil Procedure 26, which provides broad discretion to issue a protective order. Fed. R. Civ. P. 26(c) ("The court *may*, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" (emphasis added)). His decision is thoughtful, well-reasoned, and reached after two hearings and supplemental briefs. Defendant also cites no binding precedent that Judge Mizell missed or misapplied in his order. And nothing Defendant has argued leaves the undersigned convinced that Judge Mizell committed a mistake, let alone clearly erred.

Although Judge Mizell's order is neither contrary to law nor clearly erroneous, the undersigned will modify it to allow a different Commissioner to be deposed. Plaintiff first wanted to depose former-Commissioner Pendergrass. At a hearing two months ago, Plaintiffs switched gears and

requested to depose Commissioner Brian Hamman instead. Judge Mizell allowed the substitution. In a footnote, Defendant argues Judge Mizell should not have allowed the switch post-discovery.² In their response, Plaintiffs say they "have no objection to deposing Commissioner Pendergrass as originally proposed and not Commissioner Hamman." (Doc. 106 at 8). Because of this agreement, the Court will modify Judge Mizell's order only so far as Plaintiffs may depose Pendergrass, and not Hamman.

Accordingly, it is now **ORDERED:**

1. Defendant Lee County's Objections to Order on Motion for Protective Order (Doc. 103) are **OVERRULED in part**. The Court modifies the order only so far as Plaintiffs may depose Commissioner Pendergrass, and not Commissioner Hamman, on the limited topics permitted.

2. Defendant's Motion to Stay Depositions Pending Ruling on Written Objections (Doc. 104) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 29, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

² Defendant's 25-page brief contains 14 footnotes filled with substantive arguments and other citations. Some footnotes span nearly half a page at 11-point font. The Court cannot help wondering if this practice was designed to circumvent the page limit under Local Rule 3.01(a). It will, however, give Defendant the benefit of the doubt and think otherwise. In the future, Defendant need only ask if it needs more pages.