UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KIMBERLY REGENESIS, LLC,
and DAMASCUS TRADING
COMPANY, LLC,

      Plaintiffs,

v.                                                          Case No.:  2:19-cv-538-SPC-NPM

LEE COUNTY,

      Defendant.

_____

## ORDER

In this ADA[1] action, Defendant Lee County obtained a judgment in its favor against Plaintiffs Kimberly Regenesis, LLC and Damascus Trading Company, LLC (jointly, "Plaintiffs").  (Doc. 226).  The Court has discussed the facts and procedural history extensively.  (Docs. 45, 101, 183, 225). Plaintiffs initially sought both legal and equitable remedies; they narrowed their claims to only the equitable ones at the summary judgment stage; and the equitable claims were resolved in Defendant's favor after a bench trial. Invoking the ADA's fee-shifting provision, Defendant now requests an award of fees for the claims at law for damages that did not proceed to trial.[2] (Doc. 232).

_____

[1] Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*.

[2] Federal Rule of Civil Procedure 54(d)(1) controls the award of costs to a prevailing

## Legal Standard

The ADA's fee-shifting provision provides:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

42 U.S.C. § 12205. The parties agree that the pro-plaintiff/anti-defendant approach generally applied to fee-shifting provisions in civil rights cases under *Christiansburg* [3] and its progeny governs our application of this statute. [4] (Doc. 232 at 15; Doc. 236 at 2). [5]   This *Christiansburg* gloss yields a standard whereby a prevailing plaintiff "should" recover fees "unless special circumstances would render such an award unjust," but a prevailing defendant

---

defendant in an ADA action.   *See Garcia v. Gateway Hotel L.P.*, 82 F.4th 750, 759 (9th Cir. 2023); *Jacobson v. City of W. Palm Beach*, No. 16-81638-CIV, 2017 WL 6366791, *2 (S.D. Fla. Aug. 1, 2017*); Kotek v. Almost Fam., Inc.*, No. 2:03-cv-691-FTM-29DNF, 2005 WL 1126558, *2 (M.D. Fla. May 12, 2005). So, as is generally done in civil cases, the clerk will tax costs in response to Defendant's proposed bill of costs.

[3] *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978).

[4] Giving short shrift to the similarly evenhanded text of the fee-shifting provision for employment-discrimination cases in 42 U.S.C. § 2000e–5(k), *Christiansburg* looked instead at snippets of legislative history to conclude that the provision should be skewed in favor of plaintiffs.   *See* 434 U.S. at 420 ("If anything can be gleaned from these fragments of legislative history, it is that while Congress wanted to clear the way for suits to be brought under the Act, it also wanted to protect defendants from burdensome litigation having no legal or factual basis.").   And with the scales tipped in plaintiff's favor, the prevailing defendant in *Christiansburg* could not recover its fees even though the government had brought an unauthorized suit against it.   *See id.* at 423–424.

[5] *See also Bruce v. City of Gainesville, Ga.*, 177 F.3d 949, 950–52 (11th Cir. 1999) (adopting the *Christiansburg* standard for fee-shifting in ADA cases).

may recover fees only if "the plaintiff's action was frivolous, unreasonable, or without foundation."   *Id*. at 416–417, 421.

Under this framework, courts generally consider four factors when deciding whether a defendant may recover its fees: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; . . . (3) whether the trial court dismissed the case prior to trial or had a full-blown trial on the merits," *Sullivan v. School Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985), and (4) "whether there was enough support for the claim to warrant close attention by the court," *Beach Blitz Co. v. City of Miami Beach, Fla.*, 13 F.4th 1289, 1302 (11th Cir. 2021).   These "factors . . . are 'general guidelines only, not hard and fast rules.'"   *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1177 (11th Cir. 2005) (quoting *Sullivan*, 773 F.2d at 1189).

"The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees."   *Hughes v. Rowe*, 449 U.S. 5, 14 (1980).   Rather, we "must focus on the question of whether the case is seriously lacking in arguable merit."   *Walker v. NationsBank of Fla. N.A.*, 53 F.3d 1548, 1558 (11th Cir. 1995).   Given this stringent standard, we "must view the available evidence and the applicable law in a manner most favorable to Plaintiff."   *E.E.O.C. v. Pet Inc., Funsten Nut Div.*, 719 F.2d 383, 384 (11th Cir. 1983).

## Analysis

Defendant prevailed on all counts.   However, the parties agree that the fee inquiry is not a holistic one.   Instead, the relevant question is whether Plaintiffs' claim for damages, and not the action as a whole, was frivolous.

## Prima Facie Case

At the motion to dismiss stage, the Court found that Plaintiffs had shown a financial injury that was fairly traceable to the alleged ADA violations. (Doc. 45 at 14–16).   And at the summary judgment stage, the Court found that Plaintiffs had presented enough circumstantial evidence of intentional discrimination to proceed to trial.   (Doc. 183 at 14).   As a result, Defendant's fee motion rests on a narrow premise: Plaintiffs never marshalled any evidence of damages.   But standing in the way of this proposition is the very real fact that Plaintiffs offered a damages opinion from a highly qualified and well-known expert.   (Doc. 75-4).   So the salient point of Defendant's fee argument is that this opinion evidence is unreliable.   Given the *Christiansburg* standard, however, this misses the mark and, ironically, is itself a frivolous argument.   Viewing the evidence in a manner most favorable to Plaintiffs, as the Court must, this opinion evidence easily passes muster as non-frivolous. Plaintiffs presented a prima facie case.

## Settlement Discussions

Tellingly, Defendant does not claim that it never offered anything to settle Plaintiffs' claim for damages.   Instead, its spin on the **_two_**, hours-long settlement conferences conducted by a United States Magistrate Judge (Docs. 141, 193) is that "most of the discussion surrounded the non-monetary claims." (Doc. 232 at 16).   This does nothing to suggest that Plaintiffs' claim for damages was unreasonable or frivolous and arguably cuts the other way.

## Stage of Proceedings at which Defendant Prevailed

While Defendant correctly notes that the damages claim did not proceed to trial, that was not because the court ruled on it, or Plaintiffs conceded, that the claim lacked merit.   Instead, Plaintiffs offer a colorable explanation that dropping this claim at the summary judgment stage was a strategic decision, intended to focus the trial on what they perceived to be their stronger claim and avoid further delay in bringing a case that was more than four years old to trial.   Moreover, viewing the evidence and law in a manner most favorable to Plaintiffs, the Court must presume for fee-shifting purposes that it would have deferred any reliability issues regarding Plaintiffs' damages expert, just as it did for Plaintiffs' other experts for resolution during the bench trial. (Doc. 183 at 18–20).   Therefore, if the damages claim had not been dropped, it likely would have proceeded to trial.

### Close Attention by the Court

In the years of litigation leading up to the summary judgment stage, Plaintiffs' damages claim received close attention.  It was the subject of both dispositive and discovery orders (Docs. 45, 86, 101, 108), and it was at issue when a United States Magistrate Judge devoted nearly six hours conducting a settlement conference with the parties (Doc. 141).  Moreover, the order denying Defendant's summary judgment motion addressed the overlapping issue of intentional discrimination.  (Doc. 183 at 14).  The level of activity involved does not resemble the typical activity or amount of activity that normally accompanies a frivolous claim, where a plaintiff, under *Christiansburg*, might be liable for fees.  *Cf. EEOC v. Pet, Inc.*, 719 F.2d 383, 384–385 (11th Cir. 1983) (even though the EEOC failed to establish a prima facie case, it was not so frivolous as to support a fee award).

### Conclusion

Defendant has failed to show that Plaintiffs' damages claim was seriously lacking in arguable merit.  Its motion for fees and nontaxable expenses (Doc. 232) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on March 30, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:   All Parties of Record